## Pascoe, Appellant, *v*. Pascoe.

Argued April 17, 1963. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Silvestri Silvestri,* with him *Stone & Silvestri,* for appellant.

*John L. Bailey,* with him *William J. Graham,* for appellee.

OPINION BY WOODSIDE, J., June 12, 1963:

In this case the wife filed an action in divorce from bed and board on the ground of indignities. The husband later filed an action for absolute divorce also on the ground of indignities. The actions were tried together before a master who filed a report recommending that the wife's complaint be dismissed, and that

the husband be granted an absolute divorce. The Court of Common Pleas of Allegheny County, acting on the wife's exception to the master's report, sustained the dismissal of the wife's action, but dismissed the husband's action. The husband has appealed to this Court.

The master's findings although not binding on this Court should be given great weight as regards the credibility of witnesses especially where he painstakingly reviewed the testimony, making specific findings of credibility as to different witnesses. His report here states: "It is the Master's conclusion that, in the present case, the Defendant's general course of conduct during their life together, including her poor housekeeping habits, her persistent and heavy use of intoxicants, her refusal to return to her children and home with Plaintiff on frequent public occasions, her embarrassment of Plaintiff before house guests on one occasion, her steadfast refusal to cooperate in the correction of these matrimonial difficulties, and her belligerent and argumentative attitude towards her husband, all evidence a manifestation of a settled indifference and lack of love and affection, which by its continuity rendered Plaintiff's condition intolerable and life burdensome. Such a course of conduct was unjustifiable."

A review of the evidence in this case leads us to the same conclusion stated above by the master. A divorce may be granted upon the uncorroborated testimony of the plaintiff unless that testimony is not only contradicted but also shaken by the defendant. *D'Alessandro v. D'Alessandro*, 187 Pa. Superior Ct. 194, 197, 144 A. 2d 445 (1958). The evidence of the plaintiff was in most instances uncontradicted and when contradicted it was not shaken.

The plaintiff testified that the wife drank excessively. The wife admitted drinking but stated it was not excessive although she conceded that plaintiff took the car away from her on several occasions because of her

drinking. She also admitted buying "cooking" sherry in half-gallon jugs. She stated that on several occasions after drinking at the country club she would refuse to accompany her husband home but would remain at the club for two or three hours and come home with friends. The specific acts alleged to constitute indignities must be considered in connection with the background of the parties, their position in life, the motivating force giving rise to them and the character and disposition of the parties. *Trueg v. Trueg,* 190 Pa. Superior Ct. 78, 83, 151 A. 2d 786 (1959). Neither party in this case was inclined to violence or vulgarity. Keeping in mind the character of the parties, we feel that the defendant demonstrated a course of conduct which showed a lack of reverence for the personality of the plaintiff.

Decree reversed; and the court below is directed to enter a decree granting the divorce.

FLOOD, J., would affirm on the opinion of the court below.